IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3320-D

| | |
|---|---|
| KENNETH GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| CENTRAL PRISON, NASH PRISON, ) | |
| OBI UMESSI, CENTRAL AND ) | |
| NASH OFFICIALS, DR. RAMSEY, ) | |
| SGT. ELDERDIZE, ANGELO ) | |
| WIGGINS, NURSE ROWLEY, ) | |
| DR. SMITH-HUNTER, ) | |
| UNIT MANAGER SLEDGE, and ) | |
| DR. DUVALL, ) | |
| ) | |
| Defendants. ) | |

On November 30, 2016, Kenneth Gibson ("Gibson"), a state inmate proceeding pro se and in forma pauperis [D.E. 6, 12], filed this action under 42 U.S.C. § 1983 [D.E. 1], along with supporting exhibits [DE 1-1]. On December 9, 2016, Gibson refiled his complaint on the form prescribed for use in this court [D.E.5]. Gibson seeks injunctive relief only. Id. at 9. Gibson also moved for discovery and injunctive relief and to supplement his complaint [D.E. 4] and to amend his complaint [D.E. 9].

On August 9, 2017, Magistrate Judge Numbers issued an Order and Memorandum and Recommendation ("M&R") [D.E. 14] and allowed two of Gibson's individual-capacity claims to proceed—the First Amendment retaliation claim against Dr. Obi Umessi and the Eighth Amendment excessive-force claim against Sgt. Elderdize. Judge Numbers recommends that the court (1) dismiss without prejudice Gibson's Eighth Amendment claims of deliberate indifference to serious medical

needs and to conditions of confinement against Dr. Ramsey, Dr. Smith-Hunter, Dr. Duvall, Nurse Rowley, and Angelo Wiggins in their individual and official capacities; (2) dismiss with prejudice the Fourteenth Amendment due-process challenges to disciplinary proceedings and grievance processes; (3) dismiss without prejudice the claim under Title II of the Americans with Disabilities Act of 1999 ("ADA"); (4) dismiss with prejudice the claim under Title III of the ADA; (5) dismiss with prejudice all claims against the State of North Carolina, Central Prison, and Nash Correctional Institution with the exception of a Title II ADA claim; and (6) dismiss with prejudice all claims against the unnamed "Central and Nash Officials."[1] Judge Numbers denied Gibson's motion for discovery and injunctive relief and allowed Gibson's motions to supplement and amend. On September 8, 2017, Gibson objected to the M&R [D.E. 18], requested leave to amend his complaint, and challenged the denial of his motion to compel discovery.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent specific objections, the court reviews only for "clear error" and need not give any explanation for

---

[1] The M&R's conclusion contains a scrivener's error. The M&R recommends the dismissal with prejudice of all claims against the State of North Carolina, Central Prison, and Nash Correctional Institution. However, the discussion in the M&R's text reflects that while the section 1983 claims against the state and the prisons should be dismissed with prejudice, the Title II ADA claims against these defendants should be dismissed without prejudice.

2

adopting the M&R. See Diamond, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Gibson's objections merely summarize the allegations in his first amended complaint. See Obj. [D.E. 18]. Gibson fails to identify any purported error in the M&R. Instead, Gibson argues in conclusory fashion that "none of [his] case should be dismissed." Id. at 2. Thus, Gibson's objection lacks the requisite specificity to trigger de novo review. See Diamond, 416 F.3d at 315–16. After a careful review of the record, the M&R, and the objections, the court finds no clear error on the face of the record. Alternatively, even if de novo review is required, the court overrules the objections as baseless.

Gibson seeks leave to add the North Carolina Department of Public Safety ("DPS") as a defendant. The State of North Carolina is not a proper defendant under section 1983. See M&R [D.E. 14] 6; Kentucky v. Graham, 473 U.S. 159, 171 (1985). This principle also applies to DPS. See, e.g., Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 430 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Clark v. Md. Dep't of Pub. Safety & Corr. Servs., 316 F. App'x 279, 282 (4th Cir. 2009) (per curiam) (unpublished). Accordingly, the court denies Gibson's motion to amend his complaint to add DPS.

Finally, Gibson challenges the denial of his motion to compel discovery. Defendants have not been served with the complaint to date, the court has not entered not been entered a scheduling order. Thus, any discovery requests are premature.

In sum, the court GRANTS Gibson's motion to amend his complaint [D.E. 4] to add Dr. Duvall as a defendant, DENIES Gibson's request to amend his complaint to add DPS as a defendant

3

[D.E. 9], and OVERRULES his objections [D.E. 18] to the M&R. Except as modified herein, the court ADOPTS the findings and conclusions in the Order and M&R [D.E. 14]. The court ORDERS as follows:

1. Gibsons's motion to amend his complaint to add Dr. Duvall [D.E. 4] is GRANTED;

2. Gibson may proceed with his First Amendment retaliation claim against Umessi in his individual capacity and his Eighth Amendment excessive-force claim against Elderdize in his individual capacity;

3. Gibson's Eighth Amendment claims against Ramsey, Smith-Hunter, Duvall, Rowley, and Wiggins in their individual and official capacities are DISMISSED without prejudice;

4. Gibson's Fourteenth Amendment due-process claims are DISMISSED with prejudice;

5. Gibson's Title II ADA claim against North Carolina, Central Prison, and Nash Correctional Institution is DISMISSED without prejudice;

6. Gibson's Title III ADA claim is DISMISSED with prejudice;

7. Gibson's remaining claims against the State of North Carolina, Central Prison, and Nash Correctional Institution are DISMISSED with prejudice;

8. Gibson's claims against the unnamed Central and Nash Officials are DISMISSED with prejudice;

9. Gibson's motion for discovery and injunctive relief [D.E. 4] is DENIED;

10. Gibson's motion for discovery and to amend his complaint to add DPS [D.E. 9] is DENIED;

11. The clerk shall manage the action pursuant to Standing Order 14-S0-02. If service on any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d);

12. The clerk shall send a copy of this order to Gibson at his current address of incarceration.

SO ORDERED. This 21 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge